UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN M. REGAN, JR.,

        Petitioner

v.

BRIAN FISCHER, AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; WILLIAM M. POWERS AS SUPERINTENDENT OF THE ALBION CORRECTIONAL FACILITY; NEW YORK STATE ATTORNEY GENERAL,

        Respondents.

**AFFIDAVIT**

**Docket No. 08-CV-6071L(P)**

---

JOHN M. REGAN, JR., being duly sworn, deposes and says:

1. I am the Petitioner herein, and I make this affidavit in support of the relief requested, and in response to the Court's Order of March 4, 2008.

2. The Court has expressed concern over my status as "next friend" under 28 U.S.C. 2242, in the absence of which I would not have standing to bring the Petition and the Court would lack jurisdiction to decide it. For the reasons that follow I respectfully submit there is no question that not only do I meet the criteria for "next friend" status, but as a practical matter I am the only proper party to bring this proceeding.

3. The Court cites an oft-applied "two pronged test" to determine whether a next friend petition is proper: first, the next friend must have a "significant relationship" to the person whose release is sought; second, the inability of that person to appear on their own behalf must be adequately explained as being due to inaccessibility, mental incompetence, or other disability.

4. With respect to the first prong, there can be no doubt that I have a significant relationship to Sephora Davis, the real party in interest. As noted in the Petition, I was her

attorney in the New York State court proceedings in Livingston County Court from July of 2004 to July of 2006 - a period of two years. In addition, I represented her in the Article 78 Proceeding brought in the New York State Supreme Court, Appellate Division, Fourth Department, beginning in May of 2006, and on the appeal of the adverse ruling in that proceeding in the New York Court of Appeals which was decided March 27, 2007 and on the Petition for Certiorari to the United States Supreme Court which was denied on October 1st, 2007. I continue to represent her before an international tribunal, the Inter-American Commission on Human Rights in Washington, D.C., where I filed a Petition on October 22, 2007.

5. In Padilla v. Rumsfeld, 352 F.3d 695 (2nd Cir., 2003)[rev'd on other grounds 542 U.S. 426 (2004)], the propriety of next friend status was affirmed for an attorney the duration of whose relationship to the party in interest was measured in days, not years. It is submitted that my attorney-client relationship with Sephora Davis is far longer and far more involved, and thus clearly of a significant enough nature to warrant my appearance as her "next friend" under 28 U.S.C. 2242.

6. In addition, as more fully appears from the affidavit of Sephora Davis, submitted herewith, I cannot be rationally characterized as an "intruder" or "uninvited meddler" (cf., United States ex. rel. Bryant v. Houston, 273 F 915, 916 (2nd Cir., 1921), inasmuch as Sephora Davis consents to my application on her behalf.

7. With respect to the second "prong" - i.e., whether Sephora Davis is under a disability that prevents her from prosecuting the Petition on her own behalf - I submit it is also beyond question that she is, in fact, under such a disability.

8. Sephora is not inaccessible (other than being imprisoned) or "mentally incompetent" but she is legally incompetent as a witness to any of the facts and conclusions relevant to the within habeas corpus application, with the exception of certain details pertaining to her brutal

rape at the hands of Eric Harder and her having been subsequently, and involuntarily, drugged.[1] All of the other relevant facts, including the date and approximate time of the rape, are established through documentary proof and affidavits from third parties. Sephora has no personal knowledge whatever of these facts and thus cannot, or at least ought not, verify or swear to them in a Petition or otherwise.

9. Sephora was physically present in her own car, which was used in the armed robbery for which she was subsequently charged, but she wasn't driving it at the time and was passed out or asleep. Thus she has no recollection of any of those events, as indeed she was not even cognizant of them at the time. She was subsequently "framed" as the "driver" for the robbery by a police officer named Dana Carson, Eric Harder (her rapist) and others, but she has no personal knowledge of how this occurred; rather, this has been established by documentary proof which is already before the Court and is not the product of Sephora's personal knowledge.

10. Beyond her legal incompetence as a witness with respect to nearly all of the relevant facts, I ask the Court to recognize that Sephora is not a simple rape victim: her violent arrest, illegitimate prosecution and conviction, and years of pre-trial restraint and current incarceration at the hands of the New York State criminal justice system facilitated and aggravated, after the fact, her initial rape by Eric Harder. The State of New York, in other words, acting through a depressingly large number of its public officials, has knowingly and deliberately made itself an accomplice to Sephora's violent rape and her rapist.

11. The trauma of being raped and having to confront the rapist in court is already recognized as being so potentially debilitating that alleged rape victims are accorded special

---

[1] Even this information was obtained only after weeks of coaxing and prodding. Sephora finds the subject almost impossible to talk about openly: in all the time I have known her, we have discussed it in detail only once, over the phone, on November 9th, 2004.

protections as witnesses through "rape shield" laws.[2] These laws are applied at trials where the conviction and punishment of the rapist is at issue.

12. By contrast, Sephora would have to confront her rapist - in this case not just a deranged man but effectively the State of New York - in an adversarial setting where the issue is not whether her rapist will be convicted, punished, and imprisoned, but rather whether *she* will be convicted, punished, and imprisoned, or (in this context) whether she will continue to be punished and imprisoned, as an abominable sequel to having been raped in the first place.

13. For more than four years the State of New York has unceasingly, incorrigibly and wantonly perpetrated violence, perfidy and abuse against Sephora Davis: first, by making common cause with her police-informant rapist; second, as noted in her annexed affidavit, by arresting her violently at gun point, even though she had previously appeared voluntarily with counsel for police questioning and a simple phone call to her attorney or parents would have sufficed; third, by fabricating evidence and knowingly using perjury to implicate her in a crime she did not commit, so as to maliciously threaten her with spending the rest of her life in state prison; fourth, by deliberately and systematically obstructing and stonewalling her efforts, through her attorneys, to conduct an investigation and defend herself; fifth, by falsely and knowingly convicting her of a crime she did not commit and actually imprisoning her; sixth, by engaging in a quasi-official campaign of defamation and character assassination, including internet postings referring to her as, among other things, a "junkie", a "whore", and a "hick".

14. I submit that if, on the one hand, the State of New York recognizes that due to their heightened vulnerability rape victim witnesses require the special protection of "rape shield" laws even when the state is otherwise protecting them, then in the second circumstance - where the state has willingly and enthusiastically changed roles from protecting the rape victim to

---

[2] See, e.g., New York Criminal Procedure Law section 60.42

aiding and abetting her rapist, threatening her with further harm - it is irrational to expect the rape victim to withstand such an overwhelming onslaught by herself; yet that is the likely result if this "next friend" application is not permitted.

15. Beyond that, Sephora is of course imprisoned and impoverished and cannot afford an attorney. I would appear as her attorney free of charge, but because I am a witness to many of the relevant facts I cannot do so. Even if another attorney were willing to represent Sephora without a fee, it would be impossible to present the Petition without my participation as the primary witness, given Sephora's relative ignorance of the relevant facts and their significance. In short there is probably no other reasonable or efficient way to present this Petition other than by me, acting on Sephora's behalf as her "next friend".

16. If the Court is troubled by the caption technically not indicating that I am acting "o/b/o Sephora Davis", I hereby move to have the caption amended accordingly.

Dated: March 25, 2008

_____
JOHN M. REGAN, JR.

Sworn to before me this

25th day of March, 2008

_____
Notary Public

JOSEPH A. BALSANO JR.
Notary Public, State of New York
No. 01BA6135053
Qualified in Monroe County
Commission Expires 10-11-09