-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN M. REGAN, JR.,

        Petitioner,

                                         DECISION AND ORDER
-v-                                        08-CV-6071L(P)

BRIAN FISCHER, as Commissioner of the New York
State Department of Correctional Services;
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES;
WILLIAM M. POWERS, as Superintendent
of the Albion Correctional Facility; and
NEW YORK STATE ATTORNEY GENERAL;

        Respondents.

---

        Petitioner, John M. Regan, Jr. ("Regan"), an attorney, has filed a habeas corpus petition, *pro se*, in his own name, to seek the release of Sephora K. Davis, 07G0011, an inmate at the Albion Correctional Facility. Petitioner Regan did not file this action as Davis's "next friend." Nor has the petition been verified by Davis, the subject of the petition. Regan was directed to respond to the Court's concerns regarding his standing to bring the action. Regan has filed a Response/Affidavit and has attached a Response/Affidavit from Sephora Davis (Docket Nos. 3 and 4.)

        "It is well established ... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf", 28 U.S.C. § 2242. A habeas Petition is an application on behalf of a person in custody, 28 U.S.C. § 2254. Petitioner Regan is not in custody, but seeks the release of another

person who is being held in custody pursuant to a New York State conviction. For this Court to have jurisdiction over this petition for a writ of habeas corpus, Regan, "purporting to be, in legal parlance, petitioner [Davis]'s "next friend," must establish that [he] is legally that, and therefore that [he] has standing to bring the petition on [her] behalf. *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121 (2d Cir.2005).

The Second Circuit discussed the permutations of next friend standing in *Padilla v. Rumsfeld*, 352 F.3d 695, (2d Cir. 2003) (reversed on other grounds by *Rumsfeld v. Padilla*, 542 U.S. 426 (U.S.,2004)).

> Next friend standing is authorized by 28 U.S.C. § 2242 (2000), which declares that a habeas petition may be brought "by the person for whose relief it is intended *or by someone acting in his behalf.*" *Id.* (emphasis added). In *Whitmore v. Arkansas*, 495 U.S. 149 (1990), the Supreme Court noted that next friend standing "has long been an accepted basis for jurisdiction in certain circumstances," and has most often been invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Id.* at 162. "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163. A next friend "resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another." *Morgan v. Potter*, 157 U.S. 195, 198 (1895). The availability of next friend status is, however, subject to significant limitations:
>> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Whitmore*, 495 U.S. at 163-64 (internal citations omitted).

These "limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or

2

uninvited meddlers, styling themselves next friends.' " *Id.* at 164 (quoting *United States ex rel. Bryant v. Houston,* 273 F. 915, 916 (2d Cir.1921)).

*Padilla v. Rumsfeld,* 352 F.3d 695 (2d Cir. 2003).

The right of one person to sue for habeas corpus relief to secure the release of another person exists only when the application for the writ sets forth some explanation satisfactory to the Court showing why the detained person did not sign and verify the petition herself. If there is no good reason to resort to the "next friend" device, the court is without jurisdiction to consider the petition. *Whitmore,* 495 U.S. at 154.

Regan was directed to provide an adequate explanation (such as inaccessibility, mental incompetence, or other disability) to justify his filing the action. The burden is upon the party claiming next friend status to establish the propriety of this status and thus the Court's jurisdiction. *Id.* at 164 (citation omitted). Absent that proof, the purported next friend lacks standing and the Court lacks jurisdiction. Id. at 166.

Regan's Affidavit does not support his burden, as the moving party, to establish standing as a "next friend" or otherwise. A person who seeks to take advantage of the "next friend" doctrine must, "provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. The Court has found no cases where "next friend" status was granted under the circumstances advanced by Regan.

Regan appears to assume that he may proceed as Sephora Davis' "next friend" if he cannot bring the petition in his own name (Docket No. 3, paras. 2, 16), even though he acknowledges that Davis is neither inaccessible nor mentally incompetent (Docket No. 3, para. 8). Regan's asserted basis for Davis not bringing the petition on her own behalf is that she is under a "disability" because

3

"she is legally incompetent as a witness to any facts and conclusions relevant to the ... habeas corpus application..." (Docket No. 3, paras. 7 and 8.) Regan asserts that he is "the only person in a position to establish the facts and conclusions relative to this application" because "what occurred to her on the date in question was all discovered by [Regan], piecing together information from many sources over a long investigation [Regan] personally conducted." (Docket No. 1, paragraph 3.)

There is no reason why Davis cannot file the petition. In fact, Regan responded to the Court's concern regarding his standing by filing an affidavit from Davis; this demonstrates that Davis is neither inaccessible nor incompetent (Docket No. 4, para. 1.)

Regan has, therefore, failed to establish that he has standing to bring this petition. The petition must be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: May 29, 2008
Rochester, New York