UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN M. REGAN, JR.,

        Petitioner

v.

BRIAN FISCHER, AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; WILLIAM M. POWERS AS SUPERINTENDENT OF THE ALBION CORRECTIONAL FACILITY; NEW YORK STATE ATTORNEY GENERAL,

        Respondents.

**CERTIFICATE OF SERVICE**

**Docket No. 08-CV-6071L(P)**

---

    I HEREBY CERTIFY, that on the 20th day of October, 2008 I served the Respondents with a true and correct copy of the Notice of Motion, affidavit and exhibits dated October 20, 2008 by service upon their attorney, the New York State Attorney General, by personally delivering the same to their office located at 144 Exchange Blvd., Rochester, NY 14614 to the attention of Robert, Colon, Esq.

Dated: October 20, 2008

                                                          _____
                                                          JOHN M. REGAN, JR.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN M. REGAN, JR.,

                Petitioner

     v.                                         **NOTICE OF MOTION**

BRIAN FISCHER, AS COMMISSIONER OF THE NEW
YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES; NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES; WILLIAM M. POWERS     **Docket No. 08-CV-6071L(P)**
AS SUPERINTENDENT OF THE ALBION
CORRECTIONAL FACILITY; NEW YORK
STATE ATTORNEY GENERAL,

                Respondents.
_____

      PLEASE TAKE NOTICE, that upon the affidavit of the Petitioner, JOHN M. REGAN, JR., sworn to the 20th day of October, 2008, the Petitioner will move this Court on the _____ day of _____, 2008, at _____ o'clock in the _____ noon of that day, or as soon thereafter as counsel may be heard, for an Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure granting the following relief:

    1. Vacating and setting aside the Order and Judgment of this Court dated May 29th, 2008;

    2. Reinstating the Petition, whether in the name of the Petitioner or substituting Sephora K. Davis as party-petitioner;

    3. Directing the New York State Attorney General to submit an immediate response on behalf of the Respondents; and

    4. Granting the relief demanded in the Petition

TOGETHER with such other, further and different relief which to the Court seems just, equitable and proper.

Dated: October 20, 2008

_____
JOHN M. REGAN, JR.
Pro Se
Office and Post Office Address
7 Iroquois Street
Rochester, NY   14609
Tel: 585.546.8880

TO:

NYS Attorney General
144 Exchange Blvd.
Rochester, NY   14614
Attn: Robert Colon, Esq.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN M. REGAN, JR.,

        Petitioner

                                                  **AFFIDAVIT**

v.

BRIAN FISCHER, AS COMMISSIONER OF THE NEW
YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES; NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES; WILLIAM M. POWERS    **Docket No. 08-CV-6071L(P)**
AS SUPERINTENDENT OF THE ALBION
CORRECTIONAL FACILITY; NEW YORK
STATE ATTORNEY GENERAL,

        Respondents.

---

    JOHN M. REGAN, JR., ESQ., being duly sworn, deposes and says:

    1. That I am the Petitioner herein and an attorney duly licensed and admitted to practice in the State of New York and in this Court. I make this affidavit in support of my motion for relief from this Court's "Decision and Order" dated May 29th, 2008 pursuant to F.R.Civ.P 60.

    2. The within Petition was filed February 15th, 2008. It is over thirty pages in length, with 96 paragraphs and was accompanied by an exhibit - an official, true and correct copy of a motion for leave to appeal to the New York Court of Appeals, New York's highest court - relative to a proceeding under New York CPLR Article 78 pertaining to the same facts and circumstances at issue in the within proceeding. That exhibit contains extensive, compelling and at this point undisputed evidence in support of the allegations of the within Petition.

    3. On March 4th, 2008 this Court issued an Order directing me to make a further submission in support of my "standing" to bring the Petition as the "next friend" of Sephora Davis, whose release the Petition seeks. On March 25th, 2008 I filed two affidavits - one from

Sephora Davis, and one from me - in compliance with the Court's directive. On May 29th, 2008 this Court issued its "Decision and Order" dismissing the Petition.

4. Neither of the Court's written orders recited or otherwise acknowledged the substantive factual allegations of the Petition. This is a departure from customary practice in written decisions. With regard to the March 4th order this might be justifiable on neutral grounds, inasmuch as the issue - "standing" - was purely procedural and threshold. However, my submission in response to that Order specifically cited the substantive allegations of the Petition, and pertinent law implicated by those allegations, to demonstrate Sephora Davis' "disability", which the Court had specifically directed me to do. The Court's May 29th Order mischaracterized the argument I made and again failed to acknowledge or mention the relevant allegations. This second refusal is not justifiable on any ground: the Court was obliged to address my March 25th submission - which the Court itself had directed - and give reasons why it found the submission insufficient, which is not possible if the substance of the submission is not even acknowledged.

5. The relevant substantive allegations - that Sephora Davis was raped at knife point by a sometime police informant and then indicted, convicted and imprisoned through a state sponsored conspiracy to fabricate evidence and commit perjury by that informant, his police officer sponsor and others - cannot rationally be considered undeserving of mention in the written decision of a Court under these circumstances. Since I presume the Court to be rational, I must conclude that the Court's omissions were deliberate and purposeful.

6. I respectfully refer the Court to paragraph 48 of the Petition, where I characterized the very same conduct on the part of the Appellate Division, Fourth Department in its written decision of December 22nd, 2006 as "inexcusable", "disgraceful", and a serious judicial human rights abuse under international law. I also respectfully refer the Court to the letter from me to Executive Secretary Santiago Canton of the Inter-American Commission on Human Rights dated

April 7th, 2008, a copy of which was provided to the Court. In that letter, I again pointed out the seriously unlawful nature of a court's refusal to acknowledge allegations of human rights abuses when brought to its attention. In addition, I respectfully refer the Court to a series of letters I sent to the Court dated May 16th, May 27th, and May 28th, after more than three months during which the Court took no action on the Petition, other than the March 4th Order. In the last letter I simply asked for an opportunity to be heard or an opportunity to obtain counsel.

7. I was admitted to practice and made an officer of this Court on June 19th, 1989. I am not permitted to deliberately ignore the facts set forth in the Petition, and neither is this Court. Doing so is not only misconduct; it constitutes a human rights abuse under well established principles of international law, and quite obviously an impeachable offense for a federal judge.

8. As the Court should be aware, this matter is the subject of a Petition that was filed in October, 2007 with the Inter-American Commission on Human Rights in Washington, D.C. (the "Commission") One of the necessary contentions in such a Petition is that either the available domestic remedies of the country in question are exhausted, or that further resort to any such remedies are futile. My contention before the Commission has been futility, grounded in incontrovertible proof that the nation's courts already have deliberately and systematically ignored compelling evidence of a human rights abuse when presented to them and probably will continue to do so. Unfortunately, this Court's May 29th Order supported and confirmed this contention. I provided a copy of that Order to the Commission with a letter dated August 31st, 2008. A copy of that letter, and the response of the Executive Secretary of the Commission acknowledging receipt, is annexed hereto as Exhibit "A".

9. Based upon the Court's apparent zeal to reach the most draconian result available - dismissal of the Petition - together with its deliberate refusal to even mention relevant facts in rendering its opinion and its frankly disdainful treatment of such modest requests as an opportunity to be heard or an opportunity to obtain counsel, I can only conclude at this point that

the Court will employ any procedural excuse to avoid reaching the merits of the Petition. I object in the strongest possible terms to this conduct by the Court, and moreover insist that there is no procedural bar whatsoever to the granting of the Petition. For example, to the extent that the Court's stated concern over "standing" in its Orders of March 4th and May 29th is genuine and not pretextual, that concern can be addressed through several alternatives short of the drastic remedy of dismissal, such as having Sephora Davis appear and affirm the petition in Court and amending the caption accordingly, substituting her as the party-petitioner, or having Sephora Davis file a Petition incorporating the within Petition by reference and consolidating the proceedings.

10. I beseech the Court to abandon its pattern of conduct immediately. I respectfully refer the Court to the first four "Nuremberg Principles", which arose out of the War Crimes trials at Nuremberg in the wake of World War II:

**Principle I**

Any person who commits an act which constitutes a crime under international law is responsible therefor and liable to punishment.

**Principle II**

The fact that internal law does not impose a penalty for an act which constitutes a crime under international law does not relieve the person who committed the act from responsibility under international law.

**Principle III**

The fact that a person who committed an act which constitutes a crime under international law acted as Head of State or responsible government official does not relieve him from responsibility under international law.

**Principle IV**

The fact that a person acted pursuant to order of his Government or of a superior does not relieve him from responsibility under international law, provided a moral choice was in fact possible to him.

11. "Any person" includes attorneys and judges, and indeed several judges were tried and convicted at Nuremberg for their conduct in connection with specific, individual cases. It

became and remains settled law that even one atrocity is too many: there is no "only a couple of atrocities" defense. Attorneys and judges commit international crimes or human rights abuses in their official capacities precisely when they willfully ignore evidence constituting international crimes or human rights abuses. The Court has done this as a matter of record.

12. The Nuremberg Principles are not invoked here for dramatic effect, but rather to ensure that the Court has had an opportunity to consider an important ramification of its rulings in this matter.

13. Of course, it should not be necessary to resort to international law to obtain Sephora Davis' release: the acts perpetrated against her also constitute a federal crime and a grotesque violation of due process which is cognizable in this proceeding and has been fully set forth in the within Petition. But I am constrained to point out the serious nature of the Court's actions so far. This is not a simple case of an error of law; rather, it is a violation of basic and internationally recognized standards of decency.

14. History shows that it is frequently difficult for those who commit human rights abuses to recognize them when they are occurring and are offended by the idea. I ask the Court to set aside any potential emotional reactions of offense.

15. The Court's own evasions show that it already knows what it must do; it has no more choice in deciding the matter than I have had in bringing it.

Dated: October 20th, 2008

_____
JOHN M. REGAN, JR.

Sworn to before me this

20th day of October, 2008

_____
Notary Public

Justin E. Smith
Notary Public, New York State
NO. 01SM6194712
Qualified in Monroe County
Commission Expires 10/06/12

# EXHIBIT "A"

# REGAN & REGAN
## Attorneys at Law
7 Iroquois Street
Rochester, NY   14609
Phone: 585.546.8880
jregan3@rochester.rr.com

August 31, 2008


Inter-American Commission on Human Rights
1889 F Street, NW
Washington , DC   20006
**Attn:  Santiago A. Canton, Executive Secretary**

<u>**Re:  Sephora K. Davis, Petition P-1376-07 (United States)**</u>

Dear Secretary Canton:

I write to update the Commission on developments pertaining to the above captioned petition.

On May 29th, 2008 the United States District Court for the Western District of New York (Hon. David G. Larimer, Judge) issued a "Decision and Order" dismissing the habeas corpus petition filed on behalf of Sephora Davis.  I enclose a copy of the court's written decision.

As you can see, that federal court deliberately ignored the allegations of the habeas corpus petition concerning the terrible human rights abuse committed against Sephora Davis, and even ignored the arguments made in the follow-up submissions that the court itself requested to the extent they involved those allegations (see the copies of those submissions previously submitted under cover letter dated April 7, 2008).  This is the same type of judicial conduct - a deliberate refusal to consider evidence of human rights abuses - previously committed by New York State judges - that caused the above captioned petition to be filed in the first place; but this time it has taken place in a federal court.  As you may know, in theory federal courts in this country are empowered to review state court criminal matters - like Sephora Davis' case - in certain circumstances.  In practice, however, they almost never do.

I believe this development supports the contention in the petition before your commission that further resort to the courts of this country is futile.  Habeas corpus proceedings are subject to multiple procedural or technical requirements which can in practice be ignored - or enforced - at a judge's pleasure. Overwhelmingly they are enforced, with the net result that less than 1% of habeas corpus petitions are granted, according to many estimates.

It is also quite disturbing that even a United States *federal* court appears to be unconcerned about human rights abuses and violations of international law and US treaty obligations, not to mention indifferent to the potential further involvement of this Commission, in which the United States Government takes an active part.

In view of the foregoing, I request that the Petition be amended to include the names of Hon. David G. Larimer and his law clerk (an attorney named David Chapus) among the judges and attorneys who are alleged to be complicit in the ongoing human rights abuse of Sephora Davis.

Very truly yours,


JOHN M. REGAN, JR.

INTER - AMERICAN COMMISSION ON HUMAN RIGHTS
COMISION INTERAMERICANA DE DERECHOS HUMANOS
COMISSÃO INTERAMERICANA DE DIREITOS HUMANOS
COMMISSION INTERAMÉRICAINE DES DROITS DE L'HOMME



# ORGANIZATION OF AMERICAN STATES
WASHINGTON, D.C. 2 0 0 0 6 U.S.A.

September 26, 2008

RE:   Sephora K. Davis
      P-1376-07
      United States

Dear Sir:

I am pleased to address you on behalf of the Inter-American Commission on Human Rights in order to acknowledge receipt of your communication received by this Executive Secretariat on September 2, 2008, in which you provided additional information regarding the petition referred to above.

Due note has been taken of that information, and it has been incorporated into the case file for the relevant purposes.

Sincerely yours,

Santiago A. Canton
Executive Secretary

Mr.
John M. Regan, Jr., Esq.
Attorney at Law
Regan & Regan
334 Oxford St.
Rochester, NY 14607